ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ ENRIQUE ALVARADO SOLIVAN<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; COMISIÓN ESTATAL DE ELECCIONES, ET ALS.<br><br>Apelados | TA2025AP00201 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV06073<br><br>Sobre: Cobro de Dinero; Horas Extras |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de noviembre de 2025.

Compareció el Sr. José Enrique Alvarado Solivan (en adelante, "señor Alvarado Solivan" o "apelante") mediante recurso de apelación presentado el 4 de agosto de 2025. Nos solicitó la revocación de la *Sentencia* emitida y notificada el 3 de julio de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro de Instancia"). En ese dictamen, el foro de Instancia desestimó la *Demanda* con perjuicio por virtud de la Regla 10.2 de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se **confirma** la *Sentencia* apelada.

**-I-**

El 28 de junio de 2024, el señor Alvarado Solivan presentó *Demanda* sobre cobro de dinero y horas extras contra el Gobierno de Puerto Rico y la Comisión Estatal de Elecciones (en adelante, "CEE").[1] Allí alegó que trabajó para la CEE desde el 7 de noviembre de 1991 hasta el 15 de mayo de 2015 unas 2,068 horas en exceso

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1, anejo 1, págs. 1-5.

aproximadamente, equivalente a $60,357.00. Asimismo, aseveró que —desde el 25 de marzo de 2013 hasta el 28 de junio de 2021— realizó reclamaciones extrajudiciales solicitando el pago de tales horas extras. No obstante, sostuvo que la CEE nunca respondió sus reclamaciones extrajudiciales ni efectuó ningún pago. Además, afirmó que el Departamento de Recursos Humanos de la CEE reconoció que él había trabajado en exceso. Por lo cual, solicitó los pagos siguientes: (i) $60,357.00 por concepto de horas extras; (ii) $23,237.36 por concepto de interés legales acumulados; (iii) costas; (iv) gastos y (v) honorarios de abogados.

Luego de varios trámites procesales que resultan innecesarios pormenorizar, el 18 de noviembre de 2024, el señor Alvarado Solivan presentó *Primera Demanda Enmendada*.[2] Ello, a los efectos de añadir que fungió como Director de Prensa y Comunicaciones para la CEE, y, por ello, tenía que trabajar horas largas durante los años electorales y elecciones generales. Alegó, además, la existencia de dos reglamentos de la CEE que permiten que todos los empleados —incluyendo empleados de carrera y confianza— sean compensados por las horas extras trabajadas en años electorales. Asimismo, agregó que, el 27 de septiembre de 2013, advino en conocimiento de las horas que trabajó en exceso a través de la certificación del Departamento de Recursos Humanos de la CEE. Especificó que, desde entonces comenzó ha reclamar extrajudicialmente el pago de sus horas extras trabajadas mediante carta escrita. Por último, añadió que sufrió daños.

Por su parte, el 20 de noviembre de 2024, la CEE presentó *Moción de desestimación*.[3] En síntesis, solicitó la desestimación de la causa de acción de epígrafe por los fundamentos siguientes: (i) incumplió con la Regla 6.1 de Procedimiento Civil por la falta de

---

[2] SUMAC-TA, entrada núm. 1, anejo 2, págs. 29-34.
[3] SUMAC-TA, entrada núm. 1, anejo 6, págs. 35-54.

hechos claros y específicos; (ii) prescribió la reclamación de cobro de dinero y daños; y (iii) un empleado exento no le corresponde el pago monetario de horas extras conforme al reglamento de la CEE.

De otro lado, el 7 de enero de 2025, el señor Alvarado Solivan presentó su oposición a la solitud de desestimación.[4] Allí negó las alegaciones de la moción de desestimación y sostuvo que tiene derecho al pago de horas extras de acuerdo con los reglamentos de la CEE.

Consecuentemente, el 14 de enero de 2025, la CEE presentó una réplica a la oposición del señor Alvarado Solivan y solicitó que se desestimará la *Demanda* de epígrafe con perjuicio, toda vez que no se rebatieron las alegaciones de la solicitud de desestimación.[5]

Así las cosas, el 3 de julio de 2025, el foro de Instancia dictó *Sentencia* mediante la cual acogió los fundamentos aducidos en la *Moción de desestimación* de la CEE y desestimó la reclamación de epígrafe con perjuicio en virtud de la Regla 10.2 de Procedimiento Civil. Además, no consignó determinaciones de hechos ni conclusiones de derecho en atención a la Regla 42.2 de Procedimiento Civil y lo resuelto en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).

Inconforme, el 4 de agosto de 2025, el señor Alvarado Solivan acudió ante este Tribunal mediante el recurso de epígrafe y señaló el error siguiente:

> Err[ó] el TPI al desestimar las reclamaciones del apelante contra los apelados cuando las alegaciones de las demandas establecen hechos claros y específicos que justifican su derecho a un remedio.

Por su parte, el 16 de septiembre de 2025, la Oficina del Procurador General —en representación del Gobierno de Puerto Rico y la CEE— presentó su *Alegato* en oposición.[6]

---

[4] SUMAC-TA, entrada núm. 1, anejo 7, págs. 55-155.
[5] SUMAC-TA, entrada núm. 1, anejo 8, págs. 156-163.
[6] SUMAC-TA, entrada núm. 3.

Así pues, con el beneficio de la comparecencia escrita de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

**-II-**

**A. Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado –ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero– a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio,** o (6) dejar de acumular una parte indispensable. *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra,* hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, **no aduce una reclamación que justifique la concesión de un remedio**, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

*Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

Por último, la Regla 10.2 de las de Procedimiento Civil puntualiza que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción **deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final**, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

32 LPRA Ap. V, R. 10.2 (Énfasis suplido).

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra*, que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Íd.*, R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

**B. Reglamento Interno para la administración de asistencia en la Comisión Estatal de Elecciones**

El 20 de octubre de 2023 se aprobó el *Reglamento Interno para la administración de la asistencia y el establecimiento de las disposiciones aplicables a la jornada laboral en la comisión estatal de*

*elecciones de Puerto Rico* (en adelante, "Reglamento Interno de la CEE"). Las disposiciones de este Reglamento tienen la finalidad de establecer un mecanismo uniforme para contabilizar la jornada laboral y asistencia conforme a los servicios que ofrecen los empleados y funcionarios a la CEE. Véase, Artículo 4 del Reglamento Interno de la CEE.

Para efectos de la CEE, se entenderá que el "empleado exento" es aquel que ejerce funciones ejecutivas, administrativas o profesionales según lo define el Departamento del Trabajo Federal. Véase, Artículo 6 — inciso 19 del Reglamento Interno de la CEE. Particularmente, se entenderá que el "empleado exento ejecutivo" son aquellos Directores y Presidentes alternos que no están adscritos a realizar funciones en las oficinas de Balance Institucional. Véase, Artículo 6 — inciso 20 del Reglamento Interno de la CEE. En cambio, se entenderá que el "empleado no exento" es aquel que puede trabajar horas adicionales a la jornada diaria regular de 7.5 u 8 horas y acumula el exceso de horas. Véase, Artículo 6 — inciso 22 del Reglamento Interno de la CEE.

En cuanto al exceso de horas de la jornada regular, el Artículo 9 del Reglamento Interno de la CEE establece que se reducirá al mínimo la necesidad de trabajo en exceso de los empleados, salvo que exista una razón de naturaleza especial que requiera sus servicios. Asimismo, reconoce que los empleados no exentos tienen derecho a recibir una licencia compensatoria de tiempo y medio por los servicios que presten en exceso de su jornada diaria regular. Sin embargo, excluye a los empleados exentos de recibir tal licencia compensatoria, sino que les permite lo siguiente:

> [...] el tiempo trabajado en exceso de la jornada regular diaria se acreditará contra el TNR[7] de cualquier día de la misma semana para completar la jornada semanal del empleado; no

---

[7] Las siglas "TNR" se definen como el tiempo no registrado o la ausencia del registro de asistencia en las horas establecidas para su jornada de trabajo que será descontado del sueldo. Véase, Artículo 6 — inciso 41 del Reglamento Interno de la CEE.

obstante, debe cumplir con la asistencia de los cinco (5) días de jornada semanal para que se le acredite el tiempo en exceso.

Véase, Artículo 9 — inciso 7 del Reglamento Interno de la CEE, pág. 14.

De igual manera, el Artículo 11 — sección 11.2 del referido reglamento reitera que los empleados exentos no tienen derecho a recibir tiempo compensatorio por los servicios prestados en exceso de su jornada regular. Sin embargo, establece que estos podrán acumular y utilizar el tiempo extra con la autorización del Departamento de Recursos Humanos. Además, explica que el tiempo extra será acumulado de la forma siguiente:

1. El día sábado el sistema de asistencia le reconocerá el tiempo trabajado en exceso de la jornada diaria durante esa semana y lo aplicará al tiempo no registrado (TNR) de otro día de la semana en el que el empleado haya registrado presencia, pero no haya completado la jornada diaria.

[…]

**3. El empleado dispondrá de hasta quince (15) días calendario luego de concluida la semana en la cual acumuló estas horas para utilizar el día acumulado. El tiempo no utilizado será eliminado automáticamente del sistema.**

4. Para utilizar el día libre por tiempo trabajado en exceso, el empleado debe haber obtenido el visto bueno de su supervisor inmediato y luego acceder al Sistema Kronos para someter la solicitud de día libre (TEE) a través del "Time Off Request". Estas solicitudes serán revisadas por la(el) Presidenta(e) o el/la Director(a) de Recursos Humanos.

5. Este beneficio solo aplicará a eventos especiales aprobados por la autoridad nominadora de la CEE. Se define como eventos especiales: Eventos Electorales, Informes Especiales, Radicaciones de Candidatura para los Eventos Electorales, Proyectos Especiales, Requerimientos de Información Cámara y Senado, u otros de igual magnitud que la Autoridad Nominadora autorice.

Véase, Artículo 11 — sección 11.2 del Reglamento Interno de la CEE, págs. 20-21 (énfasis suplido).

**-III-**

En esencia, el apelante alega que el foro de Instancia erró al desestimar la *Primera Demanda Enmendada* de epígrafe, toda vez que la misma contiene alegaciones con hechos claros y específicos que justifican un remedio.

Por su parte, la CEE plantea que, si se obvian las múltiples alegaciones conclusivas la *Primera Demanda Enmendada* de epígrafe y solo se evalúan las alegaciones fácticas con hechos específicos, no existe una reclamación que justifique la concesión de algún remedio. En particular, señala que el apelante no subsanó las deficiencias de la causa de acción, aun cuando enmendó la misma. Por cual, sostiene que procedía la desestimación con perjuicio.

Según explicamos en el acápite II de esta *Sentencia*, al evaluar una solicitud de desestimación bajo la Regla 10.2(5) de Procedimiento Civil, *supra,* el tribunal lo hará considerando como ciertas y buenas las alegaciones fácticas de la demanda. Ello, sin embargo, solo aplicará en aquellos hechos bien alegados y expresados de manera clara. Así pues, el promovente de la solicitud deberá demostrar que, aun tomando como ciertas tales alegaciones, la demanda no expone una reclamación que justifique la concesión un remedio. Ahora bien, no debemos desestimar una reclamación, salvo tengamos certeza que, en efecto, el demandante no tiene derecho a remedio alguno.

A modo de preámbulo para nuestro análisis, el apelante demandó a la CEE para cobrar el pago de horas extras trabajadas. Entre las alegaciones que consignó en la demanda se encuentras las siguientes: (i) que fue Director de Prensa y Comunicaciones de la CEE desde el 7 de noviembre de 1991 hasta el 15 de mayo de 2015; (ii) que trabajo, aproximadamente, unas 2,068 horas en exceso a su jornada regular por razón de años electorales y elecciones generales; (iii) que realizó reclamaciones extrajudiciales a través de cartas escritas desde el 25 de marzo de 2013 hasta el 28 de junio de 2021.

Así pues, tomando como ciertas todas las alegaciones anteriores y conforme al Reglamento Interno de la CEE, el apelante era un empleado exento ejecutivo por haber fungido un puesto de director. Véase, Artículo 6 — incisos 19 y 20 del Reglamento Interno

de la CEE. Además, según expusimos, los empleados exentos de la CEE no tienen derecho a recibir tiempo compensatorio por los servicios prestados en exceso de su jornada regular. Véase, Artículo 9 — inciso 7 y Artículo 11 — sección 11.2 del Reglamento Interno de la CEE. Por tanto, partiendo de ese análisis, el apelante ante nuestra consideración no tiene derecho al pago de horas extras. En su momento, el apelante tuvo el derecho de utilizar el tiempo extra trabajado durante 15 días calendario durante el mes en el cual acumuló las horas en exceso y el tiempo que no utilizó se eliminó de manera automática. Véase, Artículo 11 — sección 11.2 del Reglamento Interno de la CEE.

Así pues, en la medida que, el apelante no nos ha demostrado que era elegible para recibir alguna compensación monetaria por la licencia de tiempo compensatorio, concluimos que el foro primario no erró al desestimar la demanda de epígrafe. Tampoco identificamos pasión, perjuicio, parcialidad o algún error manifiesto realizado por el foro primario. Por lo cual, procede que confirmemos la *Sentencia* apelada.

**-IV-**

Por los fundamentos previamente expuestos, se **confirma** la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones